

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Michelle S. Gasparian*                402 East State Street, Room 430                609-989-2190
*Assistant United States Attorney*     Trenton, New Jersey 08608

May 12, 2022

**RECEIVED**
FEB 2 2 2023
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Benjamin West, Esq.
Assistant Federal Public Defender
Office of the Federal Defender for the District of New Jersey
22 South Clinton Avenue
Station Plaza #4, Fourth Floor
Trenton, New Jersey 08609

   Re: <u>Plea Agreement with Samuel Schwinger</u>  23CR134(GC)

Dear Mr. West:

  This letter sets forth the plea agreement between your client, Samuel Schwinger ("SCHWINGER"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire **May 20, 2022**, if it is not accepted in writing by that date.

<u>Charge</u>

  Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from SCHWINGER to a one-count Information that charges SCHWINGER with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and § 2.

  If SCHWINGER enters a guilty plea and is sentenced to thirty (30) years of imprisonment and at least five (5) years of supervised release on this charge (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SCHWINGER for his conduct set forth in the Complaint in the matter of *United States v. Samuel Schwinger*, Mag. No. 19-1577 (DEA) in March of 2019 or any criminal activity relating to child sexual abuse materials recovered from SCHWINGER'S iPhone cellular telephone, bearing serial number on or about April 5, 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this

guilty plea does not remain in full force and effect, SCHWINGER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SCHWINGER may be commenced against him, notwithstanding the expiration of the limitations period after SCHWINGER signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 18 U.S.C. § 2251(a) and (e) to which SCHWINGER agrees to plead guilty carries, for a first time offender, a statutory mandatory minimum sentence of 15 years' imprisonment, a statutory maximum sentence of 30 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

However, pursuant to 18 U.S.C. § 2251(e), if the Court finds that SCHWINGER had, at the time of the instant offense conduct, a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2251(a) to which SCHWINGER agrees to plead guilty carries a statutory mandatory minimum sentence of twenty-five (25) years, and a maximum sentence of fifty (50) years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and SCHWINGER agree that a sentence to thirty (30) years of imprisonment and at least five (5) years of supervised release on this charge is the appropriate disposition of this case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence SCHWINGER to thirty (30) years of imprisonment and at least five (5) years of supervised release. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, SCHWINGER has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Further, in addition to imposing any other penalty on SCHWINGER, the sentencing judge: (1) will order SCHWINGER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order SCHWINGER to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require SCHWINGER to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should SCHWINGER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SCHWINGER may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should SCHWINGER while on supervised release be found, in a manner that satisfies <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, SCHWINGER must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to 18 U.S.C. § 2259, the Court must order SCHWINGER to pay restitution of at least $3,000 per victim for conduct occurring after December 7, 2018. SCHWINGER also agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which SCHWINGER is pleading guilty.

In addition to any other criminal penalty, restitution, or special assessment authorized by law, pursuant to 18 U.S.C. § 2259A, the Court shall assess (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SCHWINGER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SCHWINGER 's activities and relevant conduct with respect to this case.

Stipulations

This Office and SCHWINGER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SCHWINGER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and SCHWINGER agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. SCHWINGER further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts. But this waiver does not apply to:

1. Any proceeding to revoke the term of supervised release.

2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Forfeiture

SCHWINGER agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, on or about April 5, 2019, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all

property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Indictment; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment and all property traceable to such property; including: (i) an iPhone cellular telephone, bearing serial number 355800072541299 and (ii) a Samsung Galaxy S7 Edge cellular telephone, bearing serial number 355300075526959, both of which were seized from 4 Tori Drive, Lakewood, New Jersey 08701, on April 5, 2019 (collectively, the "Forfeitable Property").

SCHWINGER further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. SCHWINGER agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SCHWINGER understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

SCHWINGER hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment. SCHWINGER consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Forfeitable Property. SCHWINGER waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement.  SCHWINGER further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

SCHWINGER understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SCHWINGER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SCHWINGER wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  SCHWINGER understands that he

is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SCHWINGER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

SCHWINGER understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. SCHWINGER wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. SCHWINGER understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, SCHWINGER waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

SCHWINGER has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where SCHWINGER resides; where he is an employee; and where he is a student. SCHWINGER understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. SCHWINGER further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. SCHWINGER has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SCHWINGER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against SCHWINGER.

No provision of this agreement shall preclude SCHWINGER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SCHWINGER received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between SCHWINGER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*s/ Michelle S. Gasparian*

By:  MICHELLE S. GASPARIAN
Assistant United States Attorney

APPROVED:

J. BRENDAN DAY
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Office

     I have received this letter from my attorney, Benjamin West, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


*s/ Benjamin West for Samuel Schwinger*    Date:   5/16/22
_____
SAMUEL SCHWINGER


     I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


*/s Benjamin West*                    Date:   5/16/22
_____
Benjamin West, Esq.

<u>Plea Agreement With SAMUEL SCHWINGER</u>

<u>Schedule A</u>

1. This Office and Samuel Schwinger ("SCHWINGER") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and SCHWINGER nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3. The applicable guideline is U.S.S.G. § 2G2.1.

4. This guideline carries a Base Offense Level of 32. *See* U.S.S.G. § 2G2.1(a).

5. The offense involved a minor or a minor who had not attained the age of twelve years. This offense level is therefore increased by 4 levels. *See* U.S.S.G. § 2G2.1(b)(1).

6. The offense involved the commission of a sexual act or sexual contact. This offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G2.1(b)(2)(A).

7. This offense involves the distribution of the production of sexually explicit material. This offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G2.1(b)(3).

8. The offense involved material that portrays sexual abuse or exploitation of an infant or toddler. This offense level is therefore increased by 4 levels. *See* U.S.S.G. § 2G2.1(b)(4).

9. The parties agree that the Adjusted Base Offense Level is 44.

10. As of the date of this letter, SCHWINGER has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if SCHWINGER 's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, SCHWINGER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting

this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SCHWINGER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SCHWINGER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that SCHWINGER's acceptance of responsibility has continued through the date of sentencing and SCHWINGER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SCHWINGER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

        12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to SCHWINGER is 41 (the "Agreed Total Guidelines Offense Level"), subject to any applicable statutory mandatory minimum sentence. *See* U.S.S.G. § 5G1.1.